# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2169V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MARY MORENO,                        *         Filed: June 6, 2023
                                    *
                  Petitioner,       *
                                    *
            v.                      *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES                      *
                                    *
                  Respondent.       *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Mary Moreno,* San Diego, CA, *pro se* Petitioner.

*Tyler King,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING PETITIONER COSTS[1]

On November 15, 2021, Mary Moreno filed a petition *pro se* seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she experienced eczema and eczema-related complications of hand dermatitis and blepharitis after the receipt of several covered vaccines. Petitioner's Brief, dated July 28, 2022 (ECF No. 21). But Petitioner was unable to substantiate her claim with sufficient evidence, including expert support, leading me to dismiss the claim. ECF No. 29. That determination was not appealed.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has fourteen days to identify and move to redact from the Decision medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Otherwise, the whole Decision will be available to the public.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now made a final request for reimbursement of personal costs associated with her litigating the claim, totaling $903.59. ECF No. 34. Respondent reacted to the fees request on June 5, 2023. *See* Response, June 5, 2023 (ECF No. 35). Respondent is satisfied that the statutory requirements for a costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 3.

As is well understood in the Vaccine Program, even unsuccessful litigants can recover fees and costs. Section 15(e)(1). While *pro se* petitioners are not entitled to *fees* for their time spent litigating a matter, they can recover costs—which include the filing fee and medical record retrieval costs. *Grady v. Sec'y of Health & Hum. Servs.*, No. 17-509V, 2018 WL 4611611, at *2 (Fed. Cl. Aug. 7, 2018).

Here, I find the claim possessed sufficient reasonable basis to justify an award of costs. Dismissal of the claim largely was the result of Petitioner's inability to offer expert support establishing a causation theory, and not because fundamental objective facts in support of the claim (in particular, the evidence of Petitioner's vaccinations plus her post-vaccination rash) were absent. And there are no other circumstances present that would render a costs award inappropriate. In addition, the specific kinds of costs Petitioner seeks to recover—the filing fee, copying costs, and postage expenses—are reasonable litigation expenses and have been properly substantiated by Petitioner. *See* Costs Exhibit List (ECF No. 34-1). All requested costs should therefore be awarded in full.

Accordingly, I **GRANT** Petitioner's Motion in its entirety, and award a total of **$903.59** in the form of a check made payable to Petitioner Mary Moreno.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.